## THE COMMERCIAL BANK OF NEW JERSEY, APPELLANT, AND JOSEPH W. RECKLESS AND WIFE, RESPONDENTS.

1. The possession by a mortgagee of a mortgage executed and recorded is, in itself, cogent evidence of delivery.

2. The answer of a mortgagor to a bill of foreclosure denying the delivery of the mortgage is not, in itself, sufficient to overcome the presumption of delivery arising from the possession of the mortgage by the mortgagee, duly executed, acknowledged and recorded.

3. The uncorroborated testimony of a single witness is not sufficient to overcome the denial of an answer.

4. An answer may contain within itself such circumstances as will alone suffice to deprive it of all efficacy. Per Chief Justice GREEN.

5. What evidence held sufficient of the delivery of a mortgage, though the bond to secure which the mortgage was given was in the possession of the obligor.

This case is reported *ante p.* 430. *C. Parker* and *P. D. Vroom,* for the appellant. *J. Vandyke* and *W. L. Dayton,* for the respondents.

Chief Justice GREEN delivered the following opinion :

The only question in this cause is, whether the mortgage was delivered. It is admitted by the answer that the debt was due; that the mortgage was executed in pursuance of an agreement between the parties ; but the delivery is denied.

The possession by the mortgagee of the mortgage executed and recorded, is in itself cogent evidence of delivery. Is the answer alone sufficient to overcome that evidence ?

The rule in equity is well established, that the uncorroborated testimony of a single witness is not sufficient to overcome the denial of an answer, for the simple reason that it is but oath against oath. It requires that the testimony of the witness should be supported by additional evidence, direct or circumstantial. Circumstances alone, however, without the testimony of a single witness, may overthrow an answer. The answer itself may be so obviously contradictory, inconsistent, and incredible ; may contain within itself such circumstances as will alone suffice to deprive it of all efficacy and vitality. The rule obviously, *ex necessitate*, applies only to a fair and untainted answer—not to an answer in itself inconsistent, contradictory, incredible.

Admitting the answer in the present case to be fair and untainted, the question is presented, whether the answer of a defendant in equity to a bill of foreclosure, denying the delivery of the mortgage, is in itself sufficient to overcome the presumption of delivery arising from the possession of the mortgage by the mortgagee, duly executed, acknowledged, and recorded. Must the mortgagee, to overcome the answer, be fortified with proof of the fact of delivery, beyond that afforded by the mortgage itself? I think not. It would render mortgage securities alarmingly insecure. Upon a bill of foreclosure, the complainant has no option whether to trust the answer of the mortgagor. He is compelled to make him a defendant, and to receive his answer. He may be utterly without character, legally infamous, or even attainted of perjury—the mortgagee must still appeal to his conscience. His answer must be taken, and that answer has the same efficacy, so far as mere character is concerned, as the answer of the most pure and irreproached charac-

ter in society.  I hold that the possession by a mortgagee of a mortgage duly executed and acknowledged, affords such cogent presumptive proof of delivery as cannot be overcome by the naked answer of the mortgagor.

I am of opinion, moreover, that this answer is not entitled to the weight of a fair and consistent answer, but is, in many material respects, seriously impeached.

1. The answer alleges that the defendant was induced by the urgent importunity of the complainants to execute the mortgage.

Two witnesses testify that the mortgage was taken at the instance of Mrs. R., to secure her husband from prosecution by the bank.  It appears, moreover, that Reckless, at the time of the transaction, was confined to his house by indisposition. There is, upon the evidence, no pretence of any correspondence directly between the bank and the defendant, either verbally or in writing.  The whole correspondence was through the wife and son of the defendant.  The evidence utterly negatives this pretence of solicitation and importunity.

2. The answer alleges that the defendant was debilitated in mind by extreme illness, and was at the time confined to his room by sickness.

This is expressly negatived by the defendant's own son and witness.

The answer avers that the bond was never out of the defendant's possession; and that immediately after signing the papers, induced thereto by the importunity of the complainants, he resolved to have nothing further to do with the matter; and if it does not expressly deny, it involves the implication strongly and clearly, that he did nothing further towards completing the transaction.

Now it appears unequivocally, by the papers and by the testimony of the defendant's son and agent, that, for three weeks after the execution of the bond and mortgage, measures were in progress to carry the arrangement into effect.  The mortgage was executed and acknowledged on the 5th of March; the policy of insurance was issued on the 8th; its transfer authorized on the 15th; the mortgage was left at the clerk's office on the 24th; the certificate of the clerk was procured on the 25th of that month, and afterwards furnished to the bank.

**4.** The answer avers that the son took the mortgage out of the defendant's possession at his request, in order to procure a certificate of search as to encumbrances. The son avers that the search was made not at his father's, but at Bruen's request, and denies that his father had any knowledge of it till weeks afterwards.

But I forbear to press this topic further. It is obvious that these are not mere discrepancies or inconsistencies in immaterial averments. They involve the whole fabric of the defence. Every material allegation and pretence of the answer is directly impeached by the evidence. It stands utterly unsupported.

If the doctrine *falsus in uno, falsus in omnibus,* can ever have application to an answer in equity, it seems to me it must be applied here. In my judgment, this answer is not entitled to the weight of a fair and consistent answer.

But suppose the answer to stand irreproachable, how stands the case upon the evidence?

The complainants not only have the strong presumption in their favor arising from the possession of a mortgage regularly executed, acknowledged and recorded, but they prove expressly by their cashier that the bond and mortgage were delivered to and accepted by the bank. This evidence is not overcome by the testimony of Anthony Reckless, the only witness called. Indeed, I think there is enough in the evidence of this witness himself to create a strong impression, if not a decided belief, that the mortgage was, in fact, by authority of his father, delivered, and left by him at the clerk's office to be recorded, though it was not to be available in the hands of the bank until the notes held by the bank were surrendered ; the mortgage being intended not as collateral security, but as a substitute for the notes. It is charged, however, in the bill, undenied by the answer, and expressly proved by two witnesses, that the mortgage was intended merely as collateral security. In addition to all this, we have the strongly corroborative circumstances in support of the complainants' title, that the mortgage was suffered to remain on record an encumbrance on the defendant's property, unquestioned by the mortgagor, and that more than a year after its date, it was admitted by the grantee of Reckless to be an encumbrance on the mortgaged premises

I have no difficulty whatever in disposing of the case made by the defence. The only doubt, it appears to me, arises from the conduct of the complainants. They have not the possession of the bond, or of the policy of insurance; they have never had them since they were returned to Anthony Reckless; so far as it appears they never demanded them—and never had the premises insured for their own safety. And yet I think their conduct may be accounted for rationally and consistently with the truth of their case.

I am of opinion that the complainants are entitled to recover the amount due upon the mortgage; that the decree of the Chancellor must be reversed, but without costs, and the proceedings remitted to be proceeded in agreeably to law.

WHITEHEAD, RANDOLPH and CARPENTER, Justices, and PORTER, SCHENCK, SPEER, SPENCER and SINNICKSON, Judges, concurred.

                                        Decree reversed.